UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RIVERSIDE PORTABLE STORAGE,
INC., f/k/a Desert Portable Storage, Inc.,

    Plaintiff,

v.                                             Case No. 8:08-cv-1771-T-24 TGW

PODS, INC. and PODS ENTERPRISES,
INC.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Defendants' motion to strike Plaintiff's demand for jury trial. (Doc. 10). Plaintiff has filed a response in opposition. (Doc. 19).

## BACKGROUND

In December of 2003, Plaintiff entered into a franchise agreement with Defendant PODS, Inc., in which Plaintiff purchased a PODS franchise along with the exclusive right to operate a PODS business in a given protected area made up of seventeen zip codes in California. The franchise agreement contained a jury trial waiver provision, stating:

> [T]he parties agree that any legal action in connection with this Agreement shall be tried to the court sitting without a jury, and all parties hereto waive any right to have any action tried by jury.

(Doc. 3-2, ¶ 22.8).

After entering into the franchise agreement, Plaintiff operated PODS businesses within its protected area as well as in the adjacent areas, which were still open to other PODS franchisees. The adjacent open areas became more profitable than Plaintiff's original, protected

area, and in August of 2004, Plaintiff contacted Jeanine Blake of PODS, Inc. and advised her of Plaintiff's desire to purchase exclusive rights to operate PODS businesses in eight zip codes adjacent to Plaintiff's protected area. After some discussion, PODS, Inc. orally agreed to sell the adjacent eight-zip-code area to Plaintiff. Additionally, Plaintiff was led to believe that PODS, Inc. would offer Plaintiff the option of purchasing the remainder of the adjacent service areas before PODS, Inc. offered them for sale to third-parties.

Ms. Blake informed Plaintiff that PODS, Inc. would draft an agreement for the purchase and sale of the service area within the eight zip codes. Execution of this agreement was delayed, but Plaintiff contacted Ms. Blake to confirm that there was still an agreement to purchase the service area covering the eight zip codes, and she assured Plaintiff that they had a deal. However, several weeks later, PODS, Inc. sold the service area covering the eight zip codes, along with the remainder of the service area adjacent to Plaintiff's protected zone, to another party in violation of the oral agreement between PODS, Inc. and Plaintiff.

Later, in 2006, PODS, Inc. and/or Defendant PODS Enterprises[1] introduced a new initiative called the CPO Program and required all franchisees to participate in it. The CPO Program offered renters of PODS storage units the option to purchase insurance on the unit. PODS, Inc. and/or PODS Enterprises made repeated assurances and explicit promises to its franchisees, including Plaintiffs, that the franchisees would receive a portion of the insurance fee as profit. While Plaintiff was paid under the CPO Program in 2006, PODS, Inc. and/or PODS Enterprises refused to pay Plaintiff under the CPO Program for 2007.

As a result of these dealings Plaintiff sued Defendants, asserting seven claims: Count I-

---

[1]In July of 2005, PODS, Inc. assigned all of its rights and interest in its franchise agreements to PODS Enterprises.

breach of oral contract regarding the service area within the eight zip codes, Count II - promissory estoppel as to the service area covered by the eight zip codes, Count III - promissory estoppel as to the remainder of the service area adjacent to RPS's service area, Count IV - breach of the December 2003 franchise agreement, Count V - breach of the implied duty of good faith and fair dealing with respect to the December 2003 franchise agreement, Count VI - breach of oral contract as to the CPO Program, and Count VII - promissory estoppel as to the CPO Program. In the amended complaint, Plaintiff demands a trial by jury of all issues so triable.

## DISCUSSION

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." Bakrac, Inc. v. Villager Franchise Systems, 164 Fed. Appx. 820, 823 (11th Cir. 2006) (citations omitted). However, "a waiver of a valid jury demand is not to be lightly inferred, and waivers should be scrutinized with the utmost care." Haynes v. W.C. Caye & Co., Inc., 52 F.3d 928, 930 (11th Cir. 1995) (quotation marks and citations omitted).

Defendants move to strike Plaintiff's demand for a jury trial as to all counts, arguing that Plaintiff waived the right to a jury when it executed the December 2003 franchise agreement. Plaintiff does not challenge that it knowingly and intentionally waived its right to a jury trial regarding the claims arising out of the original franchise agreement. Specifically, Plaintiff abandons any claim to a jury for Counts IV and V. However, Plaintiff argues that the remaining claims do not constitute "legal action in connection with" the December 2003 franchise agreement, and as such, are not affected by the waiver contained in the agreement.

Counts I, II, and III relate to the alleged oral contract to sell Plaintiff the rights to

3

exclusive sales in the eight-zip-code service area adjacent to Plaintiff's protected zone and to the oral promise that Defendants would provide Plaintiff with the option of purchasing rights to the remaining adjacent service areas before offering them to third-parties. These claims are grounded in business dealings not contemplated by the 2003 franchise agreement, could exist regardless of whether Plaintiff and Defendants ever entered into the original agreement, and are not in any way governed by that agreement or its legal limitations. Thus, the claims are not sufficiently connected to the December 2003 franchise agreement to fall within the scope of its jury trial waiver provision.

This Court rejects Defendants' argument that another district court's order ( Doc. 10), conclusively decides that Counts I, II, and III are claims "in connection with" the original franchise agreement. In the case referred to by Defendants, the district court concluded that Plaintiff's claims of oral contract and promissory estoppel fell within the 2003 franchise agreement's provision requiring *mediation* of "any controversy or claim arising out of or relating to [the 2003 franchise] Agreement," because the court noted that the terms "arising out of" and "relating to" must be broadly interpreted when construing an agreement relating to alternative dispute resolution.

This issue is distinguishable. The provision being interpreted in the prior order dealt with a different subject matter and was based on different language. Further, alternative dispute resolution provisions are broadly construed, whereas a waiver of the right to a jury trial "is not to be lightly inferred" and "should be scrutinized with the utmost care." Haynes, 52 F.3d at 930 (quotation marks and citations omitted).

Defendants also argue that Counts I, II, and III are connected to the 2003 franchise

4

agreement, because the claims implicate several provisions in the original agreement. Specifically, Defendants argue that the following provisions are implicated: (1) paragraph 2.2(c) provides that Defendants can grant a franchise to anyone outside of Plaintiff's service area; (2) paragraph 2.7 provides that Defendants may grant others the right to operate PODS facilities at such locations as they deem appropriate; and (3) paragraph 22.9 provides that there were no other oral or written agreements, understandings, or representations relating to the subject matter of the franchise agreement other than the franchise offering, and that the agreement could only be modified by written agreement signed by both parties. The Court rejects this argument as well.

These sections of the 2003 franchise agreement merely demonstrate that Defendants did not, at that time, promise Plaintiff any rights to the service area adjacent to its seventeen-zip-code protected zone. However, Plaintiff's claim is based on later promises and agreements. The existence of the 2003 franchise agreement has no bearing on the later agreement and therefore no connection to Plaintiff's claims relating to the issues raised in Counts I, II, or III. Thus, this Court finds that Plaintiff did not waive its right to a jury trial with respect to Counts I, II, and III.

However, the Court agrees with Defendants that Plaintiff waived its right to a jury trial with respect to Counts VI (breach of oral contract as to the CPO Program) and VII (promissory estoppel as to the CPO Program). As alleged in the amended complaint, all franchisees were required to participate in the CPO Program. Since the events underlying these claims arose as a result of Plaintiff's 2003 franchise agreement, the claims are connected to the that agreement. Therefore, the Court grants the motion to strike the jury trial demand with respect to Counts VI and VII.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion to strike Plaintiff's demand for a jury trial (Doc. No. 10) is **GRANTED IN PART AND DENIED IN PART**. The Court strikes the jury trial demand with respect to Counts IV, V, VI, and VII and **DENIES** the motion with respect to Counts I, II, and III.

**DONE AND ORDERED** at Tampa, Florida, this 27th day of March, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record